IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRUNO RAPHOZ,

      Plaintiff,

v.                                                                                No. 1:21-cv-00553-JFR

FORREST FENN,
SHILOH OLD,
JONATHAN STUEF, and
DAN BARBARISI,

      Defendants.

## MEMORANDUM OPINION AND ORDER FOR AMENDED COMPLAINT AND GRANTING MOTION TO FILE ELECTRONICALLY

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 15, 2021 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed June 15, 2021 (IFP Motion), and Plaintiff's Motion for Leave to File Electronically, Doc. 4, filed June 15, 2021.

**The Complaint**

Plaintiff states the "subject" of this suit is Forrest Fenn's treasure. Complaint at 2. Plaintiff states he "did go there" and assumes that Fenn "knew I was once again on my way to bring the chest back from the above mentioned site." Complaint at 2. Some of Plaintiff's allegations are not accessible to the Court because Plaintiff apparently used an electronic form which truncated his allegations. *See* Complaint at 3 (allegations for Count I truncated). Plaintiff alleges the "supporting facts are certainly kept secret by the parties involved and can only be investigated by a magistrate and that's what I'm asking to start with." Complaint at 3. Plaintiff states he is entitled to the following relief: "The treasure itself and the total rights to the proceedings in all subsequent

commercial endeavours. Or a financial compensation to the 'tune' of 10 million dollars." Complaint at 5.

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted and for lack of jurisdiction. The Complaint states Plaintiff "suspects" Defendants were "involved" but does not otherwise state what Defendants did, why Plaintiff is entitled to relief, or the grounds for the Court's jurisdiction. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."); Fed. R. Civ. P. (a)(1) (a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction"); Fed. R. Civ. P. (a)(2) (a complaint must contain "a short and plain statement showing that the [plaintiff] is entitled to relief"). While the Complaint can be dismissed for failure to state a claim and for lack of jurisdiction, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. Plaintiff shall file an amended complaint within 21 days of entry of this Order.

**IFP Motion**

Plaintiff informed the Clerk's Office that he filed his IFP Motion in error and that he intends to pay the filing fee. Plaintiff's IFP Motion is not a motion; it is an unsigned form on which Plaintiff wrote: "I don't intend to benefit from forma pauperis." The Clerk shall terminate Plaintiff's IFP Motion. Plaintiff shall pay the $402.00 fee[1] for instituting a civil action within 21 days of entry of this Order.

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

**Motion for Leave to File Electronically**

The Court grants Plaintiff permission to file electronically in this case only.  *See* Guide for Pro Se Litigants at 13, District of New Mexico (November 2019) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account").  The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual.  Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised December 2019).

**Case Management**

The Court, including Clerk's Office staff, cannot give advice on how to prosecute a case.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("the court will not construct arguments or theories for a pro se litigant").

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.
>
> Any communication between the assigned judge and a *pro se* litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney. The letter to the judge should indicate that a copy has been sent to the opposing party. Telephone or personal contact with the judge's staff should be limited to specific scheduling inquiries.

Guide for Pro Se Litigants at 11-12.

> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned.

Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces and Santa Fe addresses).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

(ii)  Plaintiff shall, within 21 days of entry of this Order, pay the fee for instituting a civil action.  Failure to timely pay the fee may result in dismissal of this case.

(iii) The Clerk of Court shall terminate Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed June 15, 2021.

(iv)  Plaintiff's Motion for Leave to File Electronically, Doc. 4, filed June 15, 2021, is **GRANTED.**

_____
**UNITED STATES MAGISTRATE JUDGE**