IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRUNO RAPHOZ,

      Plaintiff,

v.                                                               No. 1:21-cv-00553-WJ-JFR

FORREST FENN,
SHILOH OLD,
JONATHAN STUEF, and
DAN BARBARISI,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO REOPEN

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Amended Complaint, Doc. 14, filed August 2, 2021.

The Court dismissed this case without prejudice on July 16, 2021, because Plaintiff did not file an amended complaint in response to Judge Robbenhaar's Order or pay the filing fee by the July 13, deadline. *See* Doc. 10, filed July 16, 2021.

Plaintiff subsequently paid the filing fee and filed a motion to reopen the case. *See* Doc. 12, filed July 28, 2021. The Court denied Plaintiff's motion to reopen this case because Plaintiff had not filed an amended complaint in response to Judge Robbenhaar's Order, which was also a basis for dismissing this case. *See* Doc. 13, filed July 30, 2021. Plaintiff subsequently filed his Second Amended Complaint.

The Second Amended Complaint alleges that: (i) in September 2019 Plaintiff was at "the precise spot" where Forrest Fenn hid a treasure; (ii) after Plaintiff notified Fenn in March 2020 that Plaintiff was on his way to retrieve the treasure, Fenn retrieved the chest which Plaintiff

characterizes as "treason," "or breach of trust, or breach/violation of contract;" and (iii) Fenn "devised a plan" with the other Defendants." Second Amended Complaint at 8-10.

The Second Amended Complaint fails to state a claim for breach of contract. *See Camino Real Mobile Home Park Partnership v. Wolfe*, 1995-NMSC-013 ¶ 27 (to establish a cause of action for breach of contract a party must allege "the existence of a contract, breach thereof, causation, and actual damage"). The Second Amended Complaint does not contain factual allegations showing the existence of a contract or the terms that were allegedly breached. While Plaintiff alleges that Fenn hid a treasure and later retrieved it, Plaintiff states that he "suspects" Defendants were "involved" but does not otherwise state what Defendants did. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

Plaintiff's allegations are based on his "suspicions," "suppositions" and "assumptions." Second Amended Complaint at 3, 8. Suspicions, suppositions and assumptions, without factual allegations, are not sufficient to state a claim. By filing a complaint, a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

It appears that Plaintiff is asking the Court to investigate and gather evidence to support his claim. Regarding the plan Fenn allegedly devised with the other Plaintiff's, Plaintiff stated that it is "nothing I can prove as emails and phone conversations must be inspected by someone invested with authority." Second Amended Complaint at 10. Plaintiff states: "The supporting

facts are certainly kept secret by the parties involved and can only be investigated by a magistrate and that's what I'm asking to start with." Second Amended Complaint at 10-11. Plaintiff also states: "I hereby must ask for a magistrate, or authority person invested with legal powers to conduct an investigation in the affair ...Pursuing or ending my action and what entails will depend on what is found." Second Amended Complaint at 9. The Court cannot perform an investigation to gather evidence in support of Plaintiff's claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant").

Finally, the Court notes that Judge Robbenhaar has previously notified Plaintiff that: (i) the Court cannot give advice on how to prosecute a case; (ii) that *pro se* litigants are generally held to the same standards of professional responsibility as trained attorneys; and (iii) it is a *pro se* litigant's responsibility to become familiar with and to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Mexico. *See* Doc. 6, filed June 22, 2021. Judge Robbenhaar also reminded Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court expects Plaintiff to carry out his obligations and comply with the Rules. Failure to do so, which causes the Court unnecessarily expend valuable resources, may result in sanctions.

**IT IS ORDERED** that Plaintiff's Motion to Reopen Case, Doc. 12, filed July 28, 2021, remains **DENIED.**

_____
**WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE**